IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.: 3:10cr54/RV
                                                     3:12cv500/RV/EMT

FRANCISCO PORTILLO MARQUEZ

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, including a memorandum in support (docs. 60, 61).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine, possession with intent to distribute five kilograms or more of cocaine, and illegal re-entry into the United States of a previously deported alien (doc. 34).  He was sentenced on September 9, 2010, to a term of 144-months imprisonment on each count to run concurrently (*see* doc. 51).  Judgment was entered on September 27, 2010 (doc. 55), and Defendant did not appeal.  Defendant filed nothing further until he filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on October 14, 2012 (doc. 60).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If a defendant does not file an appeal, his conviction becomes final when the fourteen-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). In this case, Defendant's conviction and sentence became final when this period expired, on October 12, 2010.[1] Therefore, to have been timely filed, his § 2255 motion had to be filed no later than October 12, 2011. Defendant's motion, which was filed on October 14, 2012 pursuant to the prison mailbox rule,[2] is facially untimely.

Defendant attempts to excuse his untimely filing by stating that he relies on "retroactive application under the Padilla v. Kentucky [ ___U.S.___, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)]" (doc. 60 at 9). Padilla held that "counsel must inform her client whether his plea carries a risk of deportation." ___ U.S. ___ at , 130 S. Ct. at 1486. Defendant claims that appointed counsel failed to so inform him in his case. However, even if Padilla were retroactive on collateral review, which

---

[1] October 11, 2010, was a holiday. Therefore, Defendant would have had until the following day to file his appeal. Fed. R. App. P. 26(a)(1)(C).

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing on the date it was signed).

neither the Supreme Court nor the Eleventh Circuit has found, a challenge based solely on <u>Padilla</u> is itself untimely, as that case was decided on March 31, 2010, well before Defendant was sentenced in this case.

In his memorandum, Defendant attempts to rely on three recent Supreme Court cases, which he contends provide further excuse for his untimely filing.  The cases he cites are <u>Missouri v. Frye</u>, ___ U.S. ___, 132 S. Ct. 1399 (2012), <u>Lafler v. Cooper</u>, ___ U.S. ___, 132 S. Ct. 1376 (2012), and <u>Martinez v. Ryan</u>, ___ U.S. ___, 132 S. Ct. 1309 (2012) (doc. 61 at 5).  Neither <u>Frye</u> nor <u>Cooper</u> created new rules of constitutional law or recognized a new right.  *See* <u>In re Perez</u>, 682 F.3d 930, 932–33 (11th Cir. 2012) (denying request for authorization to file a second or second motion for post-conviction relief); *see also* <u>Hare v. United States</u>, 688 F.3d 878 (7th Cir. 2012) (same); <u>In re King</u>, No. 12–40772, 2012 WL 4498500, at *1 (5th Cir. Aug. 14, 2012) (citing <u>Perez</u>); <u>Buenrostro v. United States</u>, No. 12–71253, 2012 WL 4784304, at *2 (9th Cir. Oct. 9, 2012) (same).  Instead, these cases merely applied the Sixth Amendment right to counsel to a specific factual context. <u>Perez</u>, 682 F. 3d at 934.  Therefore, neither case can provide the basis for a determination that Defendant's motion was timely filed.  <u>Martinez</u> concerns procedural default based on ineffective assistance of habeas counsel in a state habeas proceeding, and thus is inapplicable to federal convictions and has no effect on the untimeliness of Defendant's submission.  <u>Martinez</u>, 132 S. Ct. at 1319.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. <u>Jones v. United States</u>, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing <u>Akins v. United States</u>, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence."  <u>Johnson v. United States</u>, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999)).  It only applies in "truly extraordinary circumstances."  <u>Johnson</u>, 340 F.3d at 1226 (citing <u>Jones</u>, 304 F.3d at 1039–40; <u>Drew</u>, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief.  <u>Johnson</u>, 340 F.3d at 1226, <u>Jones</u>, 304 F.3d at 1040.  Defendant in this case has not attempted to make such a showing, and the

record does not support the application of the doctrine.  Therefore, his motion is untimely and must be denied.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 Rule 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 60) be summarily **DISMISSED** as untimely.

At Pensacola, Florida, this 23rd day of October 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).